UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | x ) ) | Case No. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., et al. | ) ) ) | Chapter 11 |
| | ) ) | (Jointly Administered) |
| Debtors. | ) ) ) | |
| | ) | Adv. Pro. No. 10-03657-KRH |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST. | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SYNNEX CORPORATION, a/k/a NEW AGE ELECTRONICS, A DIVISION OF SYNNEX CORPORATION and NEW AGE ELECTRONICS, INC. | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## ANSWER TO COMPLAINT

**COMES NOW** Defendant, SYNNEX CORPORATION, a/k/a NEW AGE ELECTRONICS, A DIVISION OF SYNNEX CORPORATION and NEW AGE ELECTRONICS, INC. ("Defendant") hereby responds to Plaintiff, ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST'S ("Plaintiff") Complaint.

1

## NATURE OF THE ACTION

1. Defendant generally and specifically denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

## THE PARTIES

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## PERTINENT FACTS

A. GENERAL CASE BACKGROUND

    9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

    10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

    11. Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

    12. Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

    13. Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

    14. Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

B. THE BUSINESS RELATIONSHIP BETWEEN CIRCUIT CITY AND DEFENDANT

    15. Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

    16. Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint. Accordingly, Defendant denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

C. AMOUNTS ALLEGEDLY OWED TO DEFENDANTS AND DEFENDANTS' PROOF OF CLAIM NO. 9611

20. Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

D. AMOUNTS OWED TO CIRCUIT CITY BY DEFENDANTS

22. Defendant generally and specifically denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant generally and specifically denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant generally and specifically denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

E. TRANSFERS TO DEFENDANTS MADE WITHIN 90 DAYS PRIOR TO THE PETITION DATE

25. Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint. Accordingly, Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## COUNT 1

## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547(B)

27. Defendant hereby alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 26 above as fully set forth herein.

28. Defendant admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant generally and specifically denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant generally and specifically denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant generally and specifically denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant generally and specifically denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant generally and specifically denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant generally and specifically denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

## COUNT II

## RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §550

35. Defendant hereby alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 34 above as fully set forth herein.

36. Defendant generally and specifically denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant generally and specifically denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant generally and specifically denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

## COUNT III

### BREACH OF CONTRACT

39. Defendant hereby alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 38 above as fully set forth herein.

40. Defendant generally and specifically denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint. Accordingly, Defendant denies the allegations contained in Paragraph 41 of the Plaintiff's Complaint.

42. Defendant generally and specifically denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant generally and specifically denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant generally and specifically denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant generally and specifically denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

## COUNT IV

## UNJUST ENRICHMENT/QUASI CONTRACT

46. Defendant hereby alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 45 above as fully set forth herein.

47. Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 47 of Plaintiff's Complaint. Accordingly, Defendant denies the allegations contained in Paragraph 47 of the Plaintiff's Complaint.

48. Defendant generally and specifically denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 49 of Plaintiff's Complaint. Accordingly, Defendant denies the allegations contained in Paragraph 49 of the Plaintiff's Complaint.

50. Defendant generally and specifically denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant generally and specifically denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant generally and specifically denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant generally and specifically denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

## COUNT V

TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. §542

54. Defendant hereby alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 53 above as fully set forth herein.

55. Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 55 of Plaintiff's Complaint. Accordingly, Defendant denies the allegations contained in Paragraph 55 of the Plaintiff's Complaint.

56. Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 56 of Plaintiff's Complaint. Accordingly, Defendant denies the allegations contained in Paragraph 56 of the Plaintiff's Complaint.

57. Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 57 of Plaintiff's Complaint. Accordingly, Defendant denies the allegations contained in Paragraph 57 of the Plaintiff's Complaint.

58. Defendant generally and specifically denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendant generally and specifically denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant generally and specifically denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendant generally and specifically denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

## COUNT VI

## OBJECTION TO CLAIM NO. 9611 – DISALLOWANCE UNDER SECTION 502(d)

62. Defendant hereby alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 61 above as fully set forth herein.

63. Defendant admits the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant generally and specifically denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendant generally and specifically denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

## COUNT VII

## OBJECTION TO THE GENERAL UNSECURED CLAIM AS OVERSTATED

66. Defendant hereby alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 65 above as fully set forth herein.

67. Defendant generally and specifically denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendant generally and specifically denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendant generally and specifically denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

## COUNT VIII

## OBJECTION TO CLAIM NO. 9611 – SETOFF OF THE UNPAID OBLIGATIONS

70. Defendant hereby alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 69 above as fully set forth herein.

71. Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 71 of Plaintiff's Complaint. Accordingly, Defendant denies the allegations contained in Paragraph 71 of the Plaintiff's Complaint.

72. Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 72 of Plaintiff's Complaint. Accordingly, Defendant denies the allegations contained in Paragraph 72 of the Plaintiff's Complaint.

73. Defendant generally and specifically denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Defendant admits the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendant generally and specifically denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76. Defendant generally and specifically denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendant generally and specifically denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Defendant generally and specifically denies the allegations and the claim for relief contained in the prayer of Plaintiff's Complaint.

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint and each and every count therein fails to state facts sufficient to constitute a cause of action against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2. The debtor was solvent at the time of the alleged payments which are the subject of Plaintiff's Complaint, and thus, the Plaintiff is not entitled to any recovery in this action under section 547 of the *Bankruptcy Code*.

**THIRD AFFIRMATIVE DEFENSE**

3. The payments which were allegedly made to defendant during the time period alleged in paragraph25 and Exhibit "A" of Plaintiff's Complaint were intended by the debtor, and the Defendant to be a contemporaneous exchange, and in fact were contemporaneously exchanged for new value given to the debtor by Defendant, and thus, the Plaintiff is not entitled to any recovery in this action under section 547 of the *Bankruptcy Code*.

**FOURTH AFFIRMATIVE DEFENSE**

4. The payments which were allegedly made to Defendant during the time periods stated in paragraph 25 and Exhibit "A" of Plaintiff's Complaint were payments by debtor for a debt incurred by debtor in the ordinary course of business of financial affairs of the debtor, was made in the ordinary course of business or financial affairs of the debtor, and/or were made according to ordinary business terms, and thus, the Plaintiff is not entitled to any recovery in this action under section 547 of the *Bankruptcy Code*.

**FIFTH AFFIRMATIVE DEFENSE**

5. The payments which were allegedly made to Defendant as referred to in paragraph 25 and Exhibit "A" of Plaintiff's Complaint were received by Defendant upon Defendant's giving a new value to or for the benefit of the debtor and thus, the Plaintiff is not entitled to recovery in this action under section 547 of the *Bankruptcy Code*.

**SIXTH AFFIRMATIVE DEFENSE**

6. The Plaintiff is barred, in whole or in part by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Defendant is entitled to offset the damages, if any, by Defendant against any sums that Plaintiff may recover pursuant to Plaintiff's complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The Complaint, and each and every purported counts therein asserted against the Defendants, is barred by the doctrine of estoppel.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff have waived any and all claims or purported counts against this answering Defendant for any relief or for any fact arising out of the matters stated in the Complaint herein.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff has failed to mitigate their damages arising out of the facts plead in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff is barred from each and every one of the alleged counts, or otherwise asserting any rights by their pleading being responded to herein or any other right to relief against Defendant. Defendant is entitled to relief by reason of misrepresentations by the Plaintiff and their agents concerning facts material to the case and issues at hand.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The Plaintiff and their agents at all times gave their consent, express or implied, to the acts, admissions, and conduct of Defendant alleged in the pleadings responded to herein, and in each and every alleged Counts contained therein.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. The damages sustained by Plaintiff if any, were caused and contributed to by persons other than Defendant. The liability of all Defendant, named or unnamed, should be apportioned according to their relative degree of fault, if any and the liability if any, of Defendant should be reduced accordingly.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendant alleges that the damages, for which the Plaintiff seeks to hold Defendant liable, resulted in whole and/or in party from Plaintiff's acts or omissions and Defendant is in no way responsible or liable to Plaintiff for their own wrongful acts or omissions.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff is barred from pursuing this Complaint because it has not suffered any compensable damages as a result of any actions and/or any conduct of the Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Due to lack of information as to matters set forth in the Complaint, Defendant has insufficient knowledge or information on which to form a belief as to whether additional, yet unstated affirmative defenses are available. Defendant reserves the right to assert additional defenses in the event that discovery and/or investigation indicates they would be appropriate.

**WHEREFORE**, Defendant Synnex Corporation prays for judgment as follows:

1. That Plaintiff take nothing by way of its Complaint;
2. That the Plaintiff's Complaint be dismissed with prejudice in its entirety;
3. For reasonable attorneys fees according to proof at the time of entry of judgment;
4. For costs of suit incurred herein; and,
5. For such other and further relief as the court may deem just and proper.

Respectfully submitted this 7th day of January, 2011

           SCHERTLER & ONORATO, L.L.P.

By: _____
David H. Dickieson, Esq.
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
202-824-1222 (telephone)
202-628-4177 (facsimile)

And
Jeffrey M. Galen, Esq. [SBN 134705]
GALEN & DAVIS, LLP
16255 Ventura Blvd., Suite 900
Encino, CA 91436
(818) 986-5685 Telephone
(818) 986-1859 Facsimile

**ATTORNEYS FOR DEFENDANT,
SYNNEX CORPORATION**